**Thomas P. Riley, SBN 194706**
**LAW OFFICES OF THOMAS P. RILEY, P.C.**
**First Library Square**
**1114 Fremont Avenue**
**South Pasadena, CA 91030-3227**

**Tel:  626-799-9797**
**Fax:  626-799-9795**
**TPRLAW@att.net**

**Attorneys for Plaintiff**
**Innovative Sports Management, Inc. d/b/a Integrated Sports Media**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| **INNOVATIVE SPORTS MANAGEMENT, INC. D/B/A INTEGRATED SPORTS MEDIA**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**NESTOR EDUARDO MANRIQUE and CATHERINE I. PALOMINO, individually and d/b/a PISCO SOUR MARKET,**<br><br>**Defendants.** | **Case No.:**<br><br>**COMPLAINT** |

**PLAINTIFF ALLEGES:**

## JURISDICTION

1.      Jurisdiction is founded on the existence of a federal question arising under particular federal statues, including the Communications Act of 1934, as amended, Title 47 U.S.C. § 605, *et seq.,* The Cable & Television Consumer Protection and

Competition Act of 1992, as amended, Title 47 U.S.C. § Section 553, *et seq*., and The Copyright Act, 17 U.S.C. § 101, *et seq.*

2.     This Court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. § 1331, which states that the District Courts shall original jurisdiction of all civil actions arising under the Constitution, laws, or treaties, of the United States, as well as 28 U.S.C. § 1338(a), which grants this Court original jurisdiction over claims that arise in copyright. This Court has subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction) and 28 U.S.C. § 1338(b).

3.     This Court has personal jurisdiction over the Defendants because Defendants have continuous and systematic contacts with California, maintain their principal place of business or residence in California and/or because the acts and omissions complained of herein occurred in California.

## **VENUE**

4.     Venue is proper in the Central District of California because a substantial part of the events or omissions giving rise to the claim occurred in this District and/or because, *inter alia,* Defendants reside within the State of California (28 U.S.C. § 1391(b); 28 U.S.C. § 1400(a); 28 U.S.C. § 84(c)(2)).

**INTRADISTRICT ASSIGNMENT**

5.     Assignment to the Western Division of the Central District of California is proper because a substantial part of the events or omissions giving rise to the claim occurred in Los Angeles County and/or the United States District Court for the Central District of California has decided that suits of this nature, and each of them, are to be heard by the Courts in this particular Division.

**THE PARTIES**

6.     Plaintiff Innovative Sports Management, Inc. d/b/a Integrated Sports Media is, and at all relevant times mentioned herein, was, a New Jersey corporation with its principal place of business located at 64 North Summit Street, Suite 218, Tenafly, New Jersey, 07060.

7.     Defendant Catherine I. Palomino is an owner, and/or operator, and/or licensee, and/or permittee, and/or person in charge, and/or an individual with dominion, control, oversight and management of the commercial establishment doing business as Pisco Sour Market.  Pisco Sour Market operates at 19239 Roscoe Blvd., Northridge, California 91324.

8.     Defendant Nestor Eduardo Manrique is an owner, and/or operator, and/or licensee, and/or permittee, and/or person in charge, and/or an individual with

dominion, control, oversight and management of the commercial establishment doing business as Pisco Sour Market.  Pisco Sour Market operates at 19239 Roscoe Blvd., Northridge, California 91324.

9.      Defendant Catherine I. Palomino is an individual specifically identified on the Los Angeles County Business License issued for Pisco Sour Market (Location Account No. 0003015552-0001-3).

10.     Defendant Nestor Eduardo Manrique is an individual specifically identified on the Los Angeles County Business License issued for Pisco Sour Market (Location Account No. 0003015552-0001-3).

11.     Defendant Nestor Eduardo Manrique is also the individual specifically identified on the County of Los Angeles Public Health Permit issued for Pisco Sour Market (FA0258571).

12.     Defendant Nestor Eduardo Manrique is also the individual specifically identified on the City of Los Angeles Tax Registration Certificate issued for Pisco Sour Market (Account No. 0003015552-0001-3).

13.     Plaintiff is informed and believes, and alleges thereon that on Friday, October 12, 2018 (the night of the *Program* at issue herein, as more specifically defined in paragraph 21), Defendant Catherine I. Palomino had the right and ability to supervise the activities of Pisco Sour Market, which included the unlawful interception of Plaintiff's *Program.*

14.     Plaintiff is informed and believes, and alleges thereon that on Friday, October 12, 2018 (the night of the *Program* at issue herein, as more specifically defined in paragraph 21), Defendant Nestor Eduardo Manrique had the right and ability to supervise the activities of Pisco Sour Market, which included the unlawful interception of Plaintiff's *Program.*

15.     Plaintiff is informed and believes, and alleges thereon that on Friday, October 12, 2018 (the night of the *Program* at issue herein, as more specifically defined in paragraph 21), Defendant Catherine I. Palomino, as an individual specifically identified on the business license for Pisco Sour Market, had the obligation to supervise the activities of Pisco Sour Market, which included the unlawful interception of Plaintiff's *Program,* and, among other responsibilities, had the obligation to ensure that the business license was not used in violation of law.

///

///

16.     Plaintiff is informed and believes, and alleges thereon that on Friday, October 12, 2018 (the night of the *Program* at issue herein, as more specifically defined in paragraph 21), Nestor Eduardo Manrique, as an individual specifically identified on the health permit for Pisco Sour Market had the obligation to supervise the activities of Pisco Sour Market, which included the unlawful interception of Plaintiff's *Program,* and, among other responsibilities, had the obligation to ensure that the health permit was not used in violation of law.

17.     Plaintiff is informed and believes, and alleges thereon that on Friday, October 12, 2018 (the night of the *Program* at issue herein, as more specifically defined in paragraph 21), Defendants Catherine I. Palomino and Nestor Eduardo Manrique, specifically directed the employees of Pisco Sour Market to unlawfully intercept and broadcast Plaintiff's *Program* at Pisco Sour Market or that the actions of the employees of Pisco Sour Market are directly imputable to Defendants Catherine I. Palomino and Nestor Eduardo Manrique by virtue of their acknowledged responsibility for the actions of Pisco Sour Market.

18.     Plaintiff is informed and believes, and alleges thereon that the unlawful broadcast of Plaintiff's *Program*, as supervised and/or authorized by Defendants Catherine I. Palomino and Nestor Eduardo Manrique, resulted in increased profits for Pisco Sour Market.

19.     The aforementioned actions of Defendants Catherine I. Palomino and Nestor Eduardo Manrique on Friday, October 12, 2018, which included the unauthorized transmission, communication, public performance or display of Plaintiff's Program as authorized and/or supervised by Defendants Catherine I. Palomino and Nestor Eduardo Manrique, had an obvious and direct financial interest in the activities of Pisco Sour Market and resulted in resulted in increased profits for Pisco Sour Market.

## COUNT I

### (Violation of Title 47 U.S.C. Section 605)

20.     Plaintiff Innovative Sports Management, Inc. d/b/a Integrated Sports Media, hereby incorporates by reference all of the allegations contained in paragraphs 1-19, inclusive, as though set forth herein at length.

21.     Pursuant to contract, Plaintiff Innovative Sports Management, Inc. d/b/a Integrated Sports Media was granted the exclusive nationwide commercial distribution (closed-circuit) rights to *Chile v. Peru International Friendly Soccer Game*, telecast nationwide on Friday, October 12, 2018 (this included all interviews and game commentary encompassed in the television broadcast of the event, hereinafter referred to as the "*Program*").

///

22.     Pursuant to contract, Plaintiff Innovative Sports Management, Inc. d/b/a Integrated Sports Media, entered into subsequent sublicensing agreements with various commercial entities throughout North America, including entities within the State of California, by which it granted these entities limited sublicensing rights, specifically the rights to publicly exhibit the *Program* within their respective commercial establishments in the hospitality industry (e.g., hotels, racetracks, casinos, bars, taverns, restaurants, social clubs, etc.).

23.     As a commercial distributor and licensor of sporting events, including the *Program*, Plaintiff Innovative Sports Management, Inc. d/b/a Integrated Sports Media expended substantial monies marketing, advertising, promoting, administering, and transmitting the *Program* to its customers, the aforementioned commercial entities.

24.     With full knowledge that the *Program* was not to be intercepted, received, published, divulged, displayed, and/or exhibited by commercial entities unauthorized to do so, the above named Defendants, either through direct action or through actions of employees or agents directly imputable to Defendants (as outlined in paragraphs 7-19 above),  did unlawfully intercept, receive, publish, divulge, display, and/or exhibit the *Program* at the time of its transmission at their commercial establishment in establishment in California, located at 19239 Roscoe

Blvd., Northridge, California 91324.

25.     Said unauthorized interception, reception, publication, exhibition, divulgence, display, and/or exhibition by Defendants was done willfully and for purposes of direct and/or indirect commercial advantage and/or private financial gain.

26.     Title 47 U.S.C. Section 605, *et seq*., prohibits the unauthorized publication or use of communications (such as the transmission of the *Program* for which Plaintiff Innovative Sports Management, Inc. d/b/a Integrated Sports Media, had the distribution rights thereto).

27.     By reason of the aforesaid mentioned conduct, the aforementioned Defendants violated Title 47 U.S.C. Section 605, *et seq.*

28.     By reason of the Defendants' violation of Title 47 U.S.C. Section 605*, et seq*., Plaintiff Innovative Sports Management, Inc. d/b/a Integrated Sports Media, has the private right of action pursuant to Title 47 U.S.C. Section 605.

29.     As the result of the aforementioned Defendants' violation of Title 47 U.S.C. Section 605, and pursuant to said Section 605, Plaintiff Innovative Sports Management, Inc. d/b/a Integrated Sports Media, is entitled to the following from

Defendants:

(a)  Statutory damages for each violation in an amount to $10,000 pursuant to Title 47 U.S.C. Section 605(e)(3)(C)(i)(II); and also

(b)  Statutory damages for each willful violation in an amount to $100,000.00 pursuant to Title 47 U.S.C. Section 605(e)(3)(C)(ii), and also

(c)  The recovery of full costs, including reasonable attorneys' fees, pursuant to Title 47 U.S.C. Section 605(e)(3)(B)(iii).

**WHEREFORE, Plaintiff prays for judgment as set forth below.**

## <u>COUNT II</u>

**(Violation of Title 47 U.S.C. Section 553)**

30.  Plaintiff's hereby incorporates by reference all of the allegations contained in paragraphs 1-29, inclusive, as though set forth herein at length.

31.  The unauthorized interceptions, reception, publication, divulgence, display, and/or exhibition of the *Program* by the above named Defendants was prohibited by Title 47 U.S.C. Section 553, *et seq.*

///

32.    By reason of the aforesaid mentioned conduct, the aforementioned Defendants violated Title 47 U.S.C. Section 553, *et seq.*

33.    By reason of the Defendants' violation of Title 47 U.S.C. Section 553, *et seq.,* Plaintiff Innovative Sports Management, Inc. d/b/a Integrated Sports Media, has the private right of action pursuant to Title 47 U.S.C. Section 553.

34.    As the result of the aforementioned Defendants' violation of Title 47 U.S.C. Section 553, Plaintiff Innovative Sports Management, Inc. d/b/a Integrated Sports Media, is entitled to the following from Defendants:

(a)    Statutory damages for each violation in an amount to $10,000.00 pursuant to Title 47 U.S.C. § 553(c)(3)(A)(ii); and also

(b)    Statutory damages for each willful violation in an amount to $50,000.00 pursuant to Title 47 U.S.C. § 553(c)(3)(B); and also

(c)    The recovery of full costs pursuant to Title 47 U.S.C. Section 553 (c)(2)(C); and also

(d)    In the discretion of this Honorable Court, reasonable

attorneys' fees, pursuant to Title 47 U.S.C. Section 553(c)(2)(C).

**WHEREFORE, Plaintiff prays for judgment as set forth below.**

## COUNT III

**(Copyright Infringement)**

35. Plaintiff Innovative Sports Management, Inc. d/b/a Integrated Sports Media, hereby incorporates by reference all of the allegations contained in paragraphs 1-34, inclusive, as though set forth herein at length.

36. Plaintiff Innovative Sports Management, Inc. d/b/a Integrated Sports Media is the owner of the copyright for the *Program*. The Certificate of Registration was filed with the United States Copyright Office on November 2, 2018 under Registration Number PA0002139144. As the owner of the copyright for the *Program,* Plaintiff Innovative Sports Management, Inc. d/b/a Integrated Sports Media has exclusive rights to the *Program* as enumerated in the Copyright Act.

37. Plaintiff Innovative Sports Management, Inc. d/b/a Integrated Sports Media entered into licensing agreements with various commercial entities throughout the United States of America, including entities within the State of California, by which

it granted these entities limited licensing rights, including the rights to transmit, receive, distribute, publicly perform and display the Program within their respective commercial establishments.

38.     As a commercial distributor and licensor of sporting events, including the Program, Plaintiff Innovative Sports Management, Inc. d/b/a Integrated Sports Media expended substantial monies marketing, advertising, promoting, administering, and transmitting the Program to its customers, the aforementioned commercial entities.

39.     Defendants, either through direct action or through actions of employees or agents directly imputable to Defendants (as outlined in paragraphs 7-19 above), unlawfully transmitted, communicated, distributed, publicly performed or displayed the Program at their commercial establishment in California, located at 19239 Roscoe Blvd., Northridge, CA 91324, in violation of Plaintiff's rights under, *inter alia,* 17 U.S.C. § 106 of the Copyright Act.

40.     The Defendants also made a secondary transmission of the *Program*, which was not intended for reception by the public at large, and Defendants' unauthorized secondary transmission of the *Program* violated Plaintiff Innovative Sports Management, Inc. d/b/a Integrated Sports Media's exclusive rights under 17 U.S.C.

§ 111(b) of the Copyright Act.

41.     The   unauthorized   transmission,   communication,   distribution,   public performance or display of Plaintiff's *Program* by Defendants was done willfully and with knowledge that the infringement was unlawful.

42.     The   unauthorized   transmission,   communication,   distribution,   public performance or display of Plaintiff's Program by Defendants was done with reckless disregard for Plaintiff Innovative Sports Management, Inc. d/b/a Integrated Sports Media's rights in the *Program*.

43.     With   full   knowledge   that   the   *Program*   was   not   to   be   transmitted, communicated, distributed, publicly performed and/or displayed without permission of Innovative Sports Management, Inc. d/b/a Integrated Sports Media, Defendants, either through direct action or through actions of employees or agents directly imputable to Defendants (as outlined in paragraphs 7-19 above), did unlawfully transmit, communicate, distribute, publicly perform or display the *Program* at their commercial establishment in California, located at 19239 Roscoe Blvd., Northridge, California, 91324.

///

///

44.     Title 17 U.S.C. § 101, *et seq*. prohibits the unauthorized performance or use of Copyrighted material (such as the *Program* for which Plaintiff Innovative Sports Management, Inc. d/b/a Integrated Sports Media, was the owner). The *Program* at issue herein is copyrightable subject matter within the meaning of 17 U.S.C. § 102.

45.     By reason of the aforesaid mentioned conduct, including violation of the rights afforded Plaintiff under 17 U.S.C. § 106, the aforementioned Defendants violated Title 17 U.S.C. § 501(a).

46.     By reason of the aforementioned Defendants' violation of Title 47 U.S.C. § 501(a), Plaintiff Innovative Sports Management, Inc. d/b/a Integrated Sports Media, has a private right of action pursuant to Title 17 U.S.C. § 501(b).

47.     As the result of Defendants' aforementioned violations of the Copyright Act, Plaintiff Innovative Sports Management, Inc. d/b/a Integrated Sports Media, is entitled to the following from Defendants:

(a)     Damages up to $150,000 17 U.S.C. §§ 504(c)(1) and 504(c)(2); and also

(b)     The recovery of full costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

# COUNT IV

## (Conversion)

48.     Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs 1-47, inclusive, as though set forth herein at length.

49.     By their aforesaid acts of interception, reception, publication, divulgence, display, and/or exhibition of the *Program* at their commercial establishment at the above-captioned address, the aforementioned Defendants, and each of them, tortiously obtained possession of the *Program* and wrongfully converted same for their own use and benefit.

50.     The aforesaid acts of the Defendants were willful, malicious, egregious, and intentionally designed to harm Plaintiff Innovative Sports Management, Inc. d/b/a Integrated Sports Media, by depriving Plaintiff of the commercial license fee to which Plaintiff was rightfully entitled to receive from them, and in doing so, the Defendants subjected the Plaintiff to severe economic distress and great financial loss.

51.     Accordingly, Plaintiff Innovative Sports Management, Inc. d/b/a Integrated Sports Media, is entitled to both compensatory and exemplary damages from

aforementioned Defendants as the result of the Defendants' egregious conduct, theft, and conversion of the *Program* and deliberate injury to the Plaintiff.

## **COUNT V**

**(Violation of California Business and Professions Code Section 17200, *et seq*.)**

52.     Plaintiff hereby incorporates by reference all of the allegations contained in Paragraphs 1-51, inclusive, as set forth herein at length.

53.     By contract, Plaintiff Innovative Sports Management, Inc. d/b/a Integrated Sports Media was granted the exclusive domestic commercial exhibition rights to the Program.

54.     Plaintiff did not authorize transmission, interception, reception, divulgence, exhibition, or display of the *Program* to the general public, persons at large, or to the commercial establishment operated by the foregoing Defendants.

55.     With full knowledge that the Program was not to be intercepted, communicated, published, divulged, displayed, and/or exhibited by commercial entities unauthorized to do so, the above named Defendants, either through direct action or through actions of employees or agents directly imputable to Defendants by virtue of their position and authority, did unlawfully intercept, receive, publish,

divulge, display, and/or exhibit the Program at the real time transmission of the *Program's* broadcast at their commercial establishment, as more particularly indicated and identified above.

56.     Plaintiff is informed and believes and alleges thereon that the Defendants and/or their agents, servants, workmen, or employees performed the aforementioned acts knowingly, willfully and to confer a direct or indirect commercial advantage and/or pirate financial gain to the Defendants, to the detriment and injury of Plaintiff.

57.     The Defendants' unauthorized interception, publication, divulgence and/or exhibition of the *Program* was done by the Defendants wantonly, recklessly, and without regard whatsoever for the intellectual property rights of the Plaintiff, and constitutes an unlawful practice in violation of California and Professions Code Section 17200, *et seq.*

58.     As a proximate result of the aforementioned acts attributable to the Defendants, Plaintiff has been permanently deprived of the patronage of current, previous and potential customers of the sports and entertainment programming it licenses commercially to the hospitality industry, all to its severe financial injury and loss in a sum to be determined at trial.

59.   The aforementioned acts of the Defendants constitute an unfair business practice in violation of California and Professions Code Section 17200, *et seq.* and violate the established public policies of the state of California.

60.   The aforementioned acts of the Defendants are immoral, unethical, oppressive, unscrupulous and substantially injurious to consumers.

61.   By reason of the Defendants' violation of California Business and Professions Code Section 17200, *et seq.*, Plaintiff Innovative Sports Management, Inc. d/b/a Integrated Sports Media is entitled to restitution for its injuries, the disgorgement and turn-over of the Defendants' ill-gotten gains, as well as injunctive and declaratory relief, from each of the aforementioned Defendants as may be made more appropriately determined at trial.

62.   Plaintiff is entitled to its attorneys' fees from the Defendants for enforcing California Business and Professions Code Section 17200 as it meets the standards of a private attorney general as specifically and statutorily defined under California Civil Procedure Section 1021.5.

**WHEREFORE, Plaintiff prays for judgment as set forth below.**

**As to the First Count:**

1.    For statutory damages in the amount of $110,000.00 against the Defendants and

2.    For reasonable attorneys' fees as mandated by statute, and

3.    For all costs of suit, including but not limited to filing fees, service of process fees, investigative costs, and

4.    For such other and further relief as this Honorable Court may deem just and proper;

**As to the Second Count:**

1.    For statutory damages in the amount of $60,000.00 against the Defendants, and each of them, and;

2.    For reasonable attorneys' fees as may be awarded in the Court's discretion pursuant to statute, and;

3.    For all costs of suit, including but not limited to filing fees, service of process fees, investigative costs, and;

4.    For such other and further relief as this Honorable Court may deem just and proper.

**As to the Third Count:**

1.    For damages in the amount of $150,000.00 against Defendants, and;

2.    For reasonable attorneys' fees as mandated by statute, and;

3.    For all costs of suit, including but not limited to filing fees, service of process fees, investigative costs, and;

4.     For such other and further relief as this Honorable Court may deem just and proper.

**As to the Fourth Count:**

1.     For compensatory damages in an amount according to proof against the Defendants and;

2.     For exemplary and punitive damages against the Defendants, and each of them, and;

3.     For all costs of suit, including but not limited to filing fees, service of process fee, investigative costs, and;

4.     For such other and further relief as this Honorable Court may deem just and proper.

**As to the Fifth Count:**

1.     For restitution to the Plaintiff in an amount according to and from the Defendants for their ill-gotten gains, and;

2.     For declaratory relief, and;

3.     For prohibitory and mandatory injunctive relief, and;

4.     For reasonable attorneys' fees as may be awarded in the Court's discretion pursuant to statute, and;

5.     For all costs of suit, including but not limited to filing fees, service of process fees, investigative costs, and;

6.      For such other and further relief as this Honorable Court may deem just and proper.

Respectfully submitted,

Dated: October 10, 2019          */s/ Thomas P. Riley*
**LAW OFFICES OF THOMAS P. RILEY, P.C.**
By:  Thomas P. Riley
Attorneys for Plaintiff
Innovative Sports Management, Inc. d/b/a
Integrated Sports Media